IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE,[1] <br><br> Plaintiff, <br><br> vs. <br><br> ALLIED UNIVERSAL SECURITY SERVICES, <br><br> Defendant. | 8:25CV564 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's Motion to Proceed Under Pseudonym (the "Motion"), Filing No. 3, filed on September 16, 2025, along with her Complaint, Filing No. 1, and a motion to proceed in forma pauperis ("IFP motion"), Filing No. 2.[2] Both the Complaint and IFP motion contain Plaintiff's identifying information. In her Motion, Plaintiff seeks to proceed under the name "Jane Doe" in this case because "[r]evealing Plaintiff's identity in public records will expose her to further professional and personal retaliation, damage her future employment prospects, and subject her to harassment." Filing No. 3 at 1. Specifically, Plaintiff's Complaint, Filing No. 1, alleges claims for employment discrimination and retaliation under Title VII and the Fair Labor Standards Act, and Plaintiff asserts she "is a minority officer and the only minority officer in her current role and in her state employed under the Defendant's contract" and she "has been subjected to discrimination, retaliation, and wrongful termination, which are at issue in this lawsuit," Filing No. 3 at 1.

Courts "disfavor the use of fictitious names in legal proceedings," but the Eighth

---

[1] The Court replaced Plaintiff's name with her proposed pseudonym in this order.

[2] The Court will address Plaintiff's IFP motion in a separate order.

Circuit has recently held that "a party may proceed under a fictitious name only in those limited circumstances where the party's need for anonymity outweighs countervailing interests in full disclosure." *Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1077 (8th Cir. 2024). The Eighth Circuit set forth non-exhaustive factors a district court should consider when determining whether a party may proceed anonymously. Factors weighing in favor of party anonymity include: (1) whether "the party seeking anonymity is challenging government activity"; (2) whether "identification threaten[s] to reveal information of a sensitive and highly personal nature"; (3) whether "a party would be required, absent anonymity, to admit an intention to engage in illegal conduct, thereby risking criminal prosecution"; and (4) whether there is a "danger of retaliation," which is "often a compelling ground" in favor of anonymity. *Id*. (internal quotation omitted). Factors weighing against party anonymity include: (1) whether the party's requested anonymity "poses a unique threat of fundamental unfairness to the defendant"; (2) whether "the public's interest in the case is furthered by requiring that the litigants disclose their identities"; and whether "there exist alternative mechanisms that could protect the confidentiality of the litigants." *Id*. (citations omitted). "Because a district court must exercise discretion in the course of weighing competing interests," a district court's decision to grant or deny a motion to proceed anonymously is reviewed for an abuse of discretion. *Id*. at 1077–78.

After review of the Complaint and Plaintiff's motion and due consideration of the above factors, the Court finds Plaintiff has established that, at this time, it is appropriate for her to proceed under the fictitious name, Jane Doe. The allegations in the motion suggest race-based discrimination and that Plaintiff's highly sensitive medical records will

2

be "integral to her claims" and she would suffer "further stigma and harm" if the "medical details would be directly linked to her identity." Filing No. 3 at 1. Moreover, Plaintiff states that she is willing to disclose her identity to the defendant and the nature of Plaintiff's allegations indicates that the defendant would know Plaintiff's identity such that anonymity would not prejudice the defendant or otherwise be fundamentally unfair. *See Cody v. City of St. Louis*, No. 4:17-CV-2707-AGF, 2022 WL 1202354 *2 (E.D. Mo. Apr. 22, 2022) (stating the defendants' knowledge of the plaintiffs' identities "lessens their claims to be prejudiced by the use of pseudonyms.") (quoting *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 n.11 (9th Cir. 2000)). Therefore, the Court will grant Plaintiff's Motion to Proceed Under Pseudonym and will direct the Clerk of Court to seal Plaintiff's initial Complaint, Filing No. 1, and IFP motion, Filing No. 2, which both contain Plaintiff's identifying information.

Because the Court is sealing the original Complaint, Filing No. 1, the Court will direct Plaintiff to file a signed copy of the proposed amended complaint attached to her motion, in which she identifies herself as "Jane Doe." *See* Filing No. 3 at 3–8.

Though the Court is granting Plaintiff's Motion, the Court is entering this order prior to service of process upon the defendant and without the benefit of hearing the defendant's position on the matter. As such, this decision shall be subject to reconsideration if this matter proceeds to service of process and if the defendant so requests. Accordingly,

IT IS ORDERED that:

1. Plaintiff's Motion to Proceed Under Pseudonym, Filing No. 3, is granted. Plaintiff may proceed under the pseudonym Jane Doe. This decision shall be subject to

reconsideration if this matter proceeds to service of process and if the defendant so requests.

2.   The Clerk of the Court is directed to seal the Complaint, Filing No. 1, and the IFP motion, Filing No. 2, as they contain Plaintiff's identifying information.

3.   Plaintiff shall have until **November 7, 2025**, to file a signed version of her proposed amended complaint attached to her Motion at pages 3–8 of Filing No. 3, consisting of the complaint identifying "Jane Doe" as the Plaintiff.

4.   The Clerk of the Court is directed to remove any of Plaintiff's identifying information contained in Filing No. 1 on the docket sheet and substitute "Jane Doe" for Plaintiff.

5.   The Clerk of Court is directed to set a pro se case management deadline using the following text: **November 7, 2025**: deadline for Plaintiff to submit signed amended (pseudonym) complaint.

Dated this 8th day of October, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

4