IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE, | |
| Plaintiff, | **8:25CV564** |
| vs. | |
| ALLIED UNIVERSAL SECURITY SERVICES, | **ORDER** |
| Defendant. | |

This matter comes before the Court on Plaintiff's, Amended Complaint filed on November 7, 2025. Filing No 8. Plaintiff, a non-prisoner proceeding pro se, has been given leave to proceed in forma pauperis. Filing No. 7. And she has been allowed to file using a pseudonym. Filing No. 6. The Court now conducts an initial review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2).

## I.    SUMMARY OF COMPLAINT

Plaintiff's Amended Complaint generally alleges wrongful termination based on discrimination and retaliation as well as violations of the Fair Labor Standards Act ("FLSA"). Filing No. 8. Plaintiff alleges she was employed by Defendant as an independent contractor from March 2023 until April 4, 2025. *Id*. at 4. Although, not specifically stated, the Court assumes Plaintiff was working as a security guard because Allied is identified as a "private security company." *Id*. Plaintiff states she "regularly worked at Walmart . . . earning $54/hour on weekdays and $69/hour on weekends." *Id*. Plaintiff states she was demoted on January 21, 2025, and terminated on April 4, 2025, for engaging in protected activity that included "raising concerns about unequal treatment,

1

discrimination, and workplace misconduct." *Id*. Plaintiff alleges retaliation (demotion and termination) and discrimination under Title VII as well as violations of the FLSA.

## II.    STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## III.    DISCUSSION

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). "A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *See, e.g.*, *Williams v. Harmon*, 294 F. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). Among other procedural requirements, parties must formulate their pleadings in an organized and comprehensible manner:

> Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's

jurisdiction," a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought."  Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of pleading is required, each claim must be simple, concise and direct.  Federal Rule of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances.  In addition, Rule 10(b) makes clear that each claim that is founded on a separate transaction or occurrence must be stated in a separate count when doing so would promote clarity.

*McPeek v. Sioux City DEA Unknown Officers*, No. 17-2030, 2017 WL 5440036 (8th Cir. Sept. 29, 2017).  The primary purpose of Fed. R. Civ. P. 8 is to allow the court and an opposing party to understand whether a valid claim is alleged and, if so, what it is; the complaint must be sufficiently clear so the court or an opposing party is not required to keep sifting through it in search of what it is plaintiff asserts.  *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (*citing Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994)).

**A.  Retaliation claim**

Plaintiff alleges that on "January 21, 2015, Plaintiff was demoted after raising concerns about unequal treatment, discrimination, and workplace misconduct."  Filing No. 8 at 4.  She also claims she "was retaliated against after engaging in protected activities, including complaining of discrimination and improper practices" without providing any further detail.

To establish a prima facie case of retaliation, an employee must show: "(1) she engaged in protected conduct; (2) she suffered materially adverse employment action, action that would deter a reasonable employee from making a charge of employment discrimination or harassment; and (3) the materially adverse action was causally linked

to the protected conduct." *Fercello v. Cnty. of Ramsey*, 612 F.3d 1069, 1077–78 (8th Cir. 2010).

Plaintiff has minimally met this standard in her amended complaint. However, if she chooses to further amend this claim, she would be well advised to specify what type of protected conduct she engaged in (*i.e.* written or verbal complaint), and designate to whom and on what date these complaints were made.

## B. Discrimination claim

Next, Plaintiff alleges that she was discriminated against under Title VII and was "subjected to unequal treatment compared to similarly situated employees."

To establish a prima facie case of discrimination under Title VII, Plaintiff must show that (1) she is a member of a protected class, (2) she was meeting her employer's legitimate job expectations, (3) she suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination (for example, that similarly situated employees outside the protected class were treated differently). *See Fiero v. CSG Sys., Inc.*, 759 F.3d 874, 878 (8th Cir. 2014) (sex discrimination); *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853–54 (8th Cir. 2012) (race discrimination); *Onyiah v. St. Cloud State Univ.*, 684 F.3d 711, 716 (8th Cir. 2012) (national origin discrimination).

Even giving Plaintiff's pleading liberal interpretation, this claim is insufficient as a matter of law. The problem is that nowhere in her amended complaint does Plaintiff indicate to what protected class she belongs. Plaintiff has to affirmative state the basis of the discrimination was either based on her age, sex, race, national origin, disability, etc. In addition, Plaintiff also has to show she was qualified for the position from which she was terminated.

### C.  FLSA claims

Plaintiff next argues that Defendant violated the FLSA because they classified her as an independent contractor.  The FLSA provides that "every employer shall pay to each of his employees who . . . is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce" a minimum wage.  29 U.S.C. § 206(a).  In addition, the FLSA states that "no employer shall employ any of his employees . . . for a workweek longer than forty hours" without paying one-and-one-half times the regular rate for any excess hours.  29 U.S.C. § 207.  Such protections do not apply to independent contractors.  *See Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947).

Assuming Defendant did misclassify Plaintiff (or others), Plaintiff does not indicate what damage she suffered.  Plaintiff simply states that the "misclassification deprived Plaintiff of rights and protections under the FLSA, including wage protections."  Filing No. 8 at 5.  This language is insufficient to put Defendant on notice as to what violations Plaintiff is alleging.  Plaintiff must either show she was not paid minimum wage or was not paid overtime.  The scant facts that she pled regarding this claim would suggest otherwise.  Plaintiff alleges she was paid $54/hour which well-exceeds the minimum wage in Nebraska.  She also alleges she was paid "$69/hour on weekends" which sounds like overtime pay.

### IV.    CONCLUSION

Some of Plaintiff's claims state a claim upon which relief may be granted, and others do not.  However, the Court will allow Plaintiff to file a Second Amended Complaint

to be filed within 30 days, at which time the Court will conduct another initial review.  If a Second Amended Complaint is not filed within 30 days, this action will be dismissed.

The Court will require Plaintiff to use the Court's standardized "Complaint for Employment Discrimination" form when preparing her Second Amended Complaint.  In the "Statement of Claim" section on the court-supplied form, Plaintiff should write a short and plain statement describing each type of discrimination or retaliation claim she is asserting. For example, Plaintiff should describe in separate paragraphs any adverse employment action she suffered because of her age, sex, race, or national origin; and for her retaliation claims, she should allege specifically what protected activity she engaged in and when it took place and what adverse action she believes was taken as a result of that protected activity.  With regard to the FLSA claims, Plaintiff needs to clarify what damage she suffered as a result of her misclassification as an independent contractor. For example, she must identify if she was denied minimum wage or overtime or some other protection that the FLSA guarantees.

IT IS ORDERED:

1.  Plaintiff shall have 30 days in which to file a Second Amended Complaint using the Court's standardized "Complaint for Employment Discrimination" form.  Failure to file a Second Amended Complaint within 30 days will result in the Court dismissing this case without further notice to Plaintiff.

2. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this Memorandum and Order.

6

3. The clerk of the court is directed to send Plaintiff a "Complaint for Employment Discrimination," Form Pro Se 7 (Rev. 12/16).

4. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **July 6, 2026:** Check for Plaintiff's Second Amended Complaint.

Dated this 4th day of June, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge